# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE RODRIGUEZ, | ) | 1:07-cv-01413 AWI GSA |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | ) | |
| | ) | (Document 10) |
| SUPERIOR COURT OF CALIFORNIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 19, 2007, the court issued a second order for plaintiff, a county jail inmate proceeding pro se, to submit an application to proceed in forma pauperis or pay the filing fee. The thirty (30) day period for plaintiff to comply with the order has now expired, and plaintiff has not filed an application to proceed in forma pauperis, paid the filing fee or otherwise responded to the court's order.

Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.

1 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik
2 v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
3 order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.
4 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
5 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
6 for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
7 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

8     In determining whether to dismiss an action for lack of prosecution, failure to obey a
9 court order, or failure to comply with local rules, the court must consider several factors: (1) the
10 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
11 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12 their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;
13 Henderson, 779 F.2d at 1423; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46
14 F.3d at 53.

15     In the instant case, the court finds that the public's interest in expeditiously resolving this
16 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
17 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
18 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
19 Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
20 disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
21 discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
22 will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d
23 at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring
24 plaintiff to submit an application to proceed in forma pauperis or pay the filing fee expressly
25 stated: "Failure of Plaintiff to comply with this order will result in a recommendation that this
26 action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result from his
27 noncompliance with the court's order.  Further, this was the second order of the Court directing
28 plaintiff to submit an application to proceed in forma pauperis or pay the requisite filing fee.

1           Accordingly, the court HEREBY RECOMMENDS that this action be dismissed
2   based on plaintiff's failure to obey the court's order entered on December 19, 2007.
3           These findings and recommendation are submitted to the United States District
4   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5   thirty days after being served with these findings and recommendations, plaintiff may file written
6   objections with the court.  Such a document should be captioned "Objections to Magistrate
7   Judge's Findings and Recommendations."  The parties are advised that failure to file objections
8   within the specified time may waive the right to appeal the District Court's order.  Martinez v.
9   Ylst, 951 F.2d 1153 (9th Cir. 1991).
10      IT IS SO ORDERED.
11      Dated:   **February 4, 2008**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE