UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RODRIGUEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>        Defendants. | 1:07-CV-01413-AWI-GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 11)<br><br>ORDER DISMISSING COMPLAINT AND DIRECTING CLERK OF COURT TO CLOSE ACTION |

      Plaintiff is a county jail inmate proceeding who filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the state courts and a state judge have violated his civil rights. On December 19, 2007, the court issued a second order that directed Plaintiff to pay the filing fee or submit and application to proceed in forma pauperis within thirty days.   When Plaintiff did not comply with this order or otherwise contact the court, on February 4, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended this action be dismissed for Plaintiff's failure to comply with a court order.   While the Findings and Recommendation gave Plaintiff thirty days in which to file objections, over thirty days have passed and Plaintiff has not filed objections or another document.

      As explained by the Magistrate Judge, when determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

1

of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (*citing* Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Here the action has been pending for almost one year and Petitioner has never provided any documents to the court since this action was filed. Besides ordering Plaintiff to pay the filing fee or submit an application, the court warned Plaintiff that he needed to pay the filing fee or file an application when the Magistrate Judge issued the Findings and Recommendation. In short, the court has attempted more than once to save this case despite Plaintiff's inaction. However, the court cannot continue to expend its scare resources assisting a litigant who will not help himself by submitting necessary documents to proceed with this action. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. It is Plaintiff who has caused the delay in this action by failing to pay necessary fees or file an application to proceed in forma pauperis. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available for the court to order that could constitute a satisfactory lesser sanction while still protecting the court from further unnecessary expenditure of its scare resources. Petitioner has not paid a filing fee, and as such, it appears that ordering monetary sanctions would be of little use. Given the early stage of these proceedings, it would be nearly impossible to create a less drastic sanction that dismissal. However, inasmuch as dismissal will be without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice. Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643. However, the public's interest in litigating cases is not nearly as

strong as it is other cases because the Plaintiff has simply abandoned his case and failed to comply with court orders.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed February 4, 2008, are ADOPTED IN FULL;

2. Plaintiff's complaint, filed October 13, 2007, is DISMISSED without prejudice; and

3. The Clerk of the Court is DIRECTED to close this file.

IT IS SO ORDERED.

**Dated:   March 17, 2008**                    /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE

3